UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| JAMES WEIKAMP, | ) | Case No.: 1:14 CV 22 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| THE NAVY, | ) | |
| | ) | |
| Defendant | ) | ORDER |


Currently pending before the court is Plaintiff James Weikamp's ("Plaintiff") Motion for

Attorneys' Fees and Costs ("Motion for Fees") (ECF No. 28).  Plaintiff maintains that he is entitled

to an award of fees and costs against Defendant United States Department of the Navy ("Navy" or

"Defendant") in the amount of $61,352.18.  For the following reasons, the court denies Plaintiff's

Motion for Fees.

## I.  FACTS AND PROCEDURAL BACKGROUND

A more thorough recitation of the facts appears in the court's Order dated September 24,

2014.  (Order, ECF No. 21.)  Lakeshore TolTest JV, LLC ("LTJV") participated in a competitive

bidding process to complete construction of the Naval Family Housing Project at the Guantanamo

Bay, Cuba Naval Base ("Project").  LTJV won the contract but, due to various issues, only

completed 25% of the Project.  Defendant plans to conduct a rebid for the construction of the

remaining 75% of the Project ("Rebid").  On January 2, 2014, LTJV submitted a certified claim under the Contract Disputes Act ("CDA"), seeking reformation or rescission of its contract with Defendant, alleging that Defendant had actual or constructive knowledge of material errors in LTJV's Project bid.  To support the CDA claim and avoid potential Federal False Claims Act exposure, LTJV is required to provide supporting documentation.  On August 27, 2013, Plaintiff, individually and as counsel for LTJV, submitted a FOIA request to Defendant, seeking various documents, including "any information in the possession of the Department of the Navy . . . concerning the [Project]."  (Compl. at ¶ 6, ECF No. 1; FOIA Request, Ex. 1 to Compl., ECF No. 1-1.)

On September 18, 2013, the Naval Facilities Engineering Command Southeast Initial Denial Authority ("IDA") identified and withheld a number of records it believed were responsive to Plaintiff's Request, including: (1) the cost proposals of those offerors who were not awarded a contract; (2) the Price Evaluation Report; (3) the Source Selection Board Report; and (4) the Parametric Cost Engineering System ("PACES") Assembly Detail Report ("Independent Government Estimate" or "IGE").   The IDA cited FOIA Exemptions 3 (statutory exemption) and 4 (trade secrets or commercial information) as the bases for withholding the responsive documents. On October 4, 2013, Plaintiff appealed to the Navy's Office of General Counsel ("OGC").  On October 10, 2013, the IDA agreed to reconsider Plaintiff's request and the OGC dismissed the appeal as moot.  On November 4, 2013, the IDA issued a second denial, citing Exemptions 3, 4, 5 (privileged inter-agency or intra-agency memorandums), and 6 (invasion of privacy). On November 11, 2013, Plaintiff appealed the November 4, 2013 denial to the OGC.  The OGC did not respond to Plaintiff within the statutory timeframe; thus, the appeal was deemed denied.

On January 6, 2014, after exhausting all administrative remedies, Plaintiff filed the instant action, alleging that Defendant wrongfully withheld responsive agency records and requesting that this court order Defendant to disclose all requested records in their entirety. On January 17, 2014, after the within action had commenced, the OGC responded by letter to Plaintiff's November 11, 2013 administrative appeal. The OGC granted Plaintiff's appeal, in part, and released some partially-redacted responsive documents. Specifically, the OGC released the Price Evaluation Report and the Source Selection Board Report, but redacted information encompassing the summary or list of all total bids/offers submitted on the Project ("Bid Abstract"). The OGC also upheld the IDA's decision to withhold the IGE. After summary judgment briefing by the parties, on September 24, 2014, this court issued an Order (ECF No. 21), granting in part and denying in part Defendant's Motion for Summary Judgment (ECF No. 9) and granting in part and denying in part Plaintiff's Cross-Motion for Summary Judgment (ECF No. 14). Specifically, this court held that "construing the evidence in the light most favorable to Defendant . . . the Bid Abstract was improperly withheld under FOIA Exemption b(4)," and "[c]onstruing the evidence in the light most favorable to Plaintiff, . . . the Independent Government Estimate was properly withheld under FOIA exemption b(5)." (*Id.*)

On October 22, 2014, Defendant filed a Motion to Alter or Amend Judgment (ECF No. 23), which the court denied (ECF No. 26). Subsequently, Plaintiff filed the instant Motion for Fees, seeking an award of $61,352.18 pursuant to the FOIA fee provision, 5 U.S.C. § 552(a)(4)(E)(i). Defendant opposes Plaintiff's interpretation of this provision, arguing that Plaintiff is not entitled to an award and that Plaintiff's requested fees are excessive and unsupported by the evidence.

## II.  PLAINTIFF'S ELIGIBILITY AND ENTITLEMENT TO FEES AND COSTS

FOIA provides, in pertinent part, that, "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). To determine whether fees and costs should be granted under this provision, courts apply a two-part test. *GMRI, Inc. v. EEOC*, 149 F.3d 449, 451 (6th Cir. 1998). Courts first "decide whether the plaintiff 'substantially prevailed' and is thus eligible for such an award." *Id.* (citing *Maynard v. CIA*, 986 F.2d 547, 568 (1st Cir. 1993)). The complainant has "substantially prevailed if the complainant has obtained relief through either– (I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii). If the plaintiff is eligible for an award, courts "then determine whether the plaintiff is entitled to such an award based upon a balancing of equitable considerations." *GMRI*, 149 F.3d at 451 (citing *Maynard*, 986 F.2d at 568).

## A. Eligibility

Defendant "concedes that Plaintiff substantially prevailed" with respect to the Bid Abstract. (Opp'n at 3, ECF No. 30.) However, Defendant contends that under *Falcone v. Internal Revenue Service*, 714 F.2d 646 (6th Cir. 1983), "Plaintiff, as a pro-se attorney plaintiff, is ineligible to receive fees for his work." (*Id.*) Plaintiff argues that he made the FOIA request and filed the action on behalf of his client, LTJV, not as a pro se litigant attorney on behalf of himself, and thus the concerns in *Falcone* are inapplicable. Plaintiff further distinguishes Defendant's citation to *Burka v. U.S. Dep't of Health & Human Servs.*, 142 F.3d 1286 (D.C. Cir. 1998), which held that a pro se attorney-litigant is not entitled to fees under FOIA even if the attorney claims to represent an

- 4 -

"undisclosed client," arguing that Plaintiff disclosed his client, LTJV, throughout the litigation.  The court declines to extend *Falcone* and *Burka* to the facts of this case.

In *Falcone*, the Sixth Circuit held that "*pro se* FOIA plaintiffs who also happen to be attorneys" are not entitled to attorneys' fees. 714 F.2d at 646 (emphasis in the original).  One rationale was that the FOIA fee provision "was intended to relieve plaintiffs with legitimate claims of the burden of legal costs[,]" and a pro se litigant who happens to be an attorney is not entitled to compensation of fees and costs that were never incurred.  *Id.* at 647.  Another rationale was that the provision "was intended to encourage potential claimants to seek legal advice before commencing litigation" to prevent  unnecessary litigation, and an attorney representing himself would not have the necessary "detached and objective perspective."  *Id.*  A final reason was the fear that claimants would use the provision "solely as a way to generate fees."  *Id.* at 648.  Further, citing to *Falcone*, the District of Columbia Circuit decided that the plaintiff in *Burka* was a pro se attorney-litigant and "the real party-in-interest," despite his claim that he was representing an undisclosed client.  *Burka*, 142 F.3d at 1290-91.

Here, unlike *Burka*, Plaintiff repeatedly disclosed that he submitted the FOIA request and filed the instant action on behalf of his client, LTJV.  (Compl. at ¶¶ 5, 9, ECF No. 1; Pl.'s Cross Mot. Summ. J. at 2, ECF No. 14; Pl.'s Reply Supp. Cross Mot. Summ. J., ECF No. 20, at 5.)  Defendant has expressly acknowledged this attorney-client relationship.  (Def.'s Mem. Supp. Summ. J. at 1, ECF No. 9-1.)  Although Plaintiff did not explicitly reference LTJV in his original FOIA request, it is clear that Plaintiff disclosed his client, LTJV, and its interests since the start of this litigation.  LTJV is the "real party-in-interest" and the proper focal point of the fees inquiry.  Since an attorney-

client relationship exists here, the concerns in *Falcone*, *Burka* and Defendant's other cited cases do not fit. Thus, Plaintiff, on behalf of his client LTJV, is eligible for an award under FOIA.

### B. Entitlement

Once the court determines eligibility for an award under FOIA's fee provision, the court should consider at least the following factors for making a determination of entitlement to the award: "[1] the benefit to the public deriving from the case; [2] the commercial benefit to the complainant and the nature of its interest in the records; and [3] whether the agency's withholding [of the records] had a reasonable basis in law." *GMRI*, 149 F.3d at 452 (quoting *Detroit Free Press, Inc. v. Department of Justice*, 73 F.3d 93, 98 (6th Cir. 1996)). This determination "rests within the sound discretion of the district court." *Id.*

### 1. Public Benefit

Plaintiff argues that release of these records benefits the public because it is "a 'vindication of the [FOIA] itself,' where an agency 'improperly refused to comply with the Act[,]'" citing *Seegull Mfg. Co. v. NLRB*, 741 F.2d 882, 886 n.1 (6th Cir. 1984). (Mot. for Fees at 8, ECF No. 28.) Plaintiff contends that this case benefits the public because it sheds light on Defendant's cost proposal analysis and bid review process, and it assists contractors in their claims under the CDA.

There is certainly "some slight public benefit in bringing the government into compliance with FOIA and providing information of general interest to the public." *Davidson v. Bureau of Prisons*, 931 F. Supp. 2d 770, 778 (E.D. Ky. 2013). However, "compliance which merely aids a private party does not really expand the fund of public information or benefit the public interest." *Werner-Cont'l, Inc. v. Farkas*, 478 F. Supp. 815, 817 (S.D. Ohio 1979) (citing *Blue v. Bureau of Prisons*, 570 F.2d 529 (5th Cir. 1978)); *see also* 5 U.S.C. § 552(a)(4)(A)(iii) (definition of public

interest in the FOIA standard for granting a fee waiver).  Furthermore, "released documents have an insufficient public benefit when they pertain to such highly particularized interactions with an agency that non-participants would have only a limited interest in the records as a means of learning what the agency was doing." *Dorsen v. United States SEC*, 15 F. Supp. 3d 112, 121 (D.D.C. 2014); *see also Dean v. FDIC*, No. 04-371-KSF, 2006 WL 2692711, at *3 (E.D. Ky. Sep. 15, 2006) (public benefit factor "requires more than just a generalized public interest" in vindicating FOIA).

In *Seegull*, the defendant conveyed "the impression that only a lawsuit could wrest the materials from its grasp," and the court found that "the duplicity inherent in [its] contention that the release of the document was unrelated" to the FOIA action was dishonest and that defendant was not forthright in its dealings with FOIA applicants.  741 F.2d at 885.  Here, Defendant's actions were, as this court previously stated, "far from ideal." (Order at 11, ECF No. 21.)  Defendant shifted from one exemption to another regarding the Bid Abstract, and Defendant did not respond to Plaintiff's second appeal within the statutory timeframe.  However, Defendant's argument shifting did not "rise[] to the level of unfairness[.]" (Order at 11, ECF No. 21.)

While there is public benefit in bringing Defendant into compliance with the FOIA and providing some public knowledge to the Navy's bid review process, and perhaps assisting contractors generally with their CDA claims, the information at issue is highly particularized to a specific contract.  Additionally, the information requested was sought for the private benefit of Plaintiff's client, LTJV, in its contract dispute against Defendant.  Thus, on balance, the court finds that this factor neither favors nor disfavors an award of attorneys' fees.

### 2. Commercial Benefit and Nature of Plaintiff's Interest

Plaintiff argues that this factor should be weighed in LTJV's favor because this case is

similar to *Seegull*. Plaintiff also contends that LTJV is not seeking to profit from the records but merely to reform or rescind its contract. Plaintiff further argues that it is only doing what it has to in order to comply with the CDA and other federal laws. Defendant disagrees.

In *Seegull*, plaintiff filed a FOIA request seeking documents to support a defense to the Equal Pay Act complaint an employee brought against plaintiff, alleging that she received unequal pay. 741 F.2d at 883. One of the defendant's arguments was that plaintiff's interest in the records was commercial, and the Sixth Circuit found that the materials sought by plaintiff were "otherwise undiscoverable information for use in a civil action[,]" and "[t]he district court did not abuse its discretion in concluding that this private interest was commercially neutral for the purposes of the attorney fee award provision." *Id.* at 886. Some courts have concluded that fees should not be awarded in a FOIA case "where the plaintiff's self-interest was the primary factor in bringing the suit." *W. Energy All. v. United States Fish & Wildlife Serv.*, 608 F. App'x 615, 619 (10th Cir. 2015) (quoting *Anderson v. Secretary of HHS*, 80 F.3d 1500, 1505 (10th Cir. 1996)).

Here, like in *Seegull*, the withheld records seemed undiscoverable because Defendant's position was that they were exempt from disclosure even under FOIA. However, LTJV seeks to use the records in support of LTJV's contract claim against Defendant, which is more of a commercial nature as compared to defending an unequal pay lawsuit. Furthermore, Plaintiff's interest in the records is private and self-interested, rather than public in nature. Balancing the undiscoverable aspect of the records and the commercial and private nature of Plaintiff's interest, the court finds that this factor is neutral as to an award of fees under FOIA.

### 3. Reasonable Basis in Law for Withholding the Records

Although none of the factors should be given dispositive weight, it is proper to award attorney fees if the government's withholding of records "had no reasonable basis in law." *Am. Commercial Barge Lines Co. v. NLRB*, 758 F.2d 1109, 1111 (6th Cir. 1985). The question "is not

- 8 -

whether the document was exempt but whether the [defendant] had a reasonable basis in law for considering it exempt."  *Id*. at 1112.  Courts have stated that "the government's position need not be correct to qualify as reasonable."  *Peter S. Herrick's Customs & Int'l Trade Newsletter v. United States Customs & Border Prot.*, No. 04-0377, 2006 WL 3060012, at *9 (D.D.C. Oct. 26, 2006) (citing *Fenster v. Brown*, 617 F.2d 740, 744 (D.C. Cir. 1979)).

Here, Defendant had a reasonable basis for withholding IGE, as this court found that the IGE was exempt from disclosure under the FOIA.  (Order at 17-20, ECF No. 21.)  Furthermore, while the court found that the Bid Abstract was not exempt under FOIA, Defendant pointed the court to a reasonable exemption and provided affidavits supporting that claim.  Although the court found that the affidavits were insufficient to meet the exemption, Defendant's position was reasonable, though incorrect.  Plaintiff also points to Defendant's delay in releasing the records and its argument shifting as examples of unreasonable conduct.  Defendant's conduct is concerning.  However, Defendant did point to specific, reasonable exemptions as the bases for its withholdings.  Although Defendant later released partially-redacted, responsive records, agreeing with Plaintiff that not all of the exemptions applied, the court does not find that Defendant had no reasonable basis in law for considering the documents exempt.

Since the court could not conclude that Defendant acted with no reasonable basis in law, and the public benefit factor and the commercial benefit and nature of the Plaintiff's interests factor do not weigh in favor of awarding fees and costs, the court denies Plaintiff's Motion for Fees.

### III.  CONCLUSION

For the foregoing reasons, the court denies Plaintiff James Weikamp's Motion for Attorneys'

Fees and Costs (ECF No. 28).

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

March 29, 2016